IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2848 |
| THIS DOCUMENT RELATES TO: | : : | |
| CHRIS JUDAY, et al. | : : | CIVIL ACTION |
| v. | : : | |
| MERCK & CO., INC., et al. | : : | NO. 16-1547 |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 50

Bartle, J.                                                December 17, 2018

Plaintiffs Chris and Pat Juday have moved pursuant to Rule 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure to vacate a judgment this court entered against them and in favor of defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck").

Chris Juday alleged in this lawsuit that he had suffered a severe allergic reaction and damage to his lungs as a result of Zostavax, Merck's shingles vaccine. His wife Pat had a claim for loss of consortium. Merck thereafter filed a motion for summary judgment on the ground that the claims were barred by the applicable two-year statute of limitations. On

April 17, 2017,[1] after briefing, oral argument, and supplemental briefing, this court granted the motion and entered judgment in favor of Merck and against the plaintiffs. The Court of Appeals affirmed the judgment on April 4, 2018 with a non-precedential opinion. The present motion to vacate, filed by new counsel for the plaintiffs, was filed on November 5, 2018.

> Rule 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

1. The court's Memorandum, Order and Judgment were signed on April 13, 2017 but were not entered on the docket until April 17, 2017.

>              (6) any other reason that justifies
>         relief.

Any motion under Rule 60(b)(1), (2) and (3) must be filed within one year after the judgment was entered. Motions under the remaining subsections must be filed within "a reasonable time." See Rule 60(c)(1).

Merck argues that plaintiffs' motion to vacate was not filed within a reasonable time as required under Rule 60(c)(1). As stated above, this court's judgment was entered on April 17, 2017, and the motion to vacate was not filed until November 5, 2018. While this is a hiatus of almost 19 months, the case was on appeal for much of the time after the judgment was filed. The Court of Appeals handed down its decision on April 4, 2018. Then, on August 13, 2018, after the Zostavax Multidistrict Litigation was assigned to the undersigned, this court entered a stay on all activity and lifted it on September 25, 2018. Under the circumstances, the delay in filing the pending motion does not seem unreasonable.

The present motion to vacate, however, was filed more than one year after this court entered its judgment against the Judays on April 17, 2017. Thus, they may not seek to vacate the judgment under Rule 60(b)(1) - (3). It is also well established that a party may not use Rule 60(b)(6) to circumvent Rule 60(b)(1) - (5). The reasons in support of a

motion under Rule 60(b)(6) must be different than the more specific reasons set forth in the other subsections. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

As a basis for their motion, the plaintiffs contend that their original counsel did not seek to take any depositions or propound any discovery before Merck moved for summary judgment. Plaintiffs maintain that Merck fraudulently concealed that Zostavax can cause shingles, that is chickenpox, in someone who had chickenpox earlier in life. According to plaintiffs, Merck would not have won its summary judgment motion had plaintiffs' counsel sought and obtained relevant discovery about what Merck concealed from the public about the ill effects of the vaccine.[2] Finally, plaintiffs rely on changed circumstances since early August 2018 when the Multidistrict Litigation for Zostavax vaccine cases was established under 28 U.S.C. § 1407 and assigned to the undersigned.

We turn first to plaintiffs' motion under Rule 60(b)(5). This subsection has no applicability here since no judgment has been satisfied, released or discharged, and no

---

2. The plaintiffs have presented no evidence that Merck in any way deceived them or fraudulently produced or fraudulently failed to produce any discovery in this lawsuit.

earlier judgment on which a later judgment was based has been reversed or vacated. Nor do we have a situation where applying a judgment prospectively is no longer equitable. Generally, Rule 60(b)(5) is invoked where injunctions have issued or consent decrees with prospective provisions have been entered and circumstances have changed. See e.g. Rufo v. Inmates of Suffolk County, 502 U.S. 367 (1992); Democratic Nat'l Comm. v. Republican Nat'l Comm., 673 F.3d 192 (3d Cir. 2012).

Plaintiffs argue that a change in circumstances exists because a Multidistrict Litigation is now in place while at the time this court entered the judgment no MDL had been established. We fail to see how this makes the judgment prospective. The judgment entered against the plaintiffs in effect simply dismissed their case. The judgment ended the action and imposed no future obligations on any of the parties. There is nothing prospective or ongoing about it. See Coltec Indus. v. Hobgood, 280 F.3d 262, 272 (3d Cir. 2002). Plaintiffs' motion under Rule 60(b)(5) is without merit.

Plaintiffs also rely on Rule 60(b)(6), the catchall provision that allows for a judgment to be vacated for "any other reason that justifies relief." The Supreme Court has declared that "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzales v. Crosby, 545 U.S.

-5-

at 535. Similarly, our Court of Appeals has emphasized that this subsection "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec, 280 F.3d at 273.

As noted above, a Rule 60(b)(6) motion must rely on reasons for relief other than those incorporated in Rule 60(b)(1) - (5). Nonetheless, plaintiffs' Rule 60(b)(6) motion seems to rely at least in part on newly discovered evidence, a basis for relief under Rule 60(b)(2), and on fraudulent concealment or misconduct by an opposing party, a basis for relief under Rule 60(b)(3). To this extent, plaintiffs' motion is precluded as untimely.

Plaintiffs also focus on what must be characterized as the inadequacies of their original counsel who failed to obtain discovery from Merck about fraudulent concealment which in their view could have been used to toll the statute of limitations. In support, they cite our Court of Appeals decision in Boughner v. Secretary of HEW, 572 F.2d 976 (3d Cir. 1978). There plaintiff had filed an action for benefits under the Federal Coalmine Health and Safety Act of 1969. Plaintiff's counsel, concentrating on his campaign for election as a state Common Pleas judge, never filed a response to defendant's motion for summary judgment. It turned out that counsel, in his zeal to take the bench, had failed to file

-6-

responsive pleadings for clients in 52 such cases. In reversing the district court, which had denied relief, the Court of Appeals concluded "that the circumstances here are sufficiently exceptional and extraordinary so as to mandate relief pursuant to Rule 60(b)(6)." Id. at 978. The Court characterized plaintiff's counsel's conduct as "neglect so gross that it is inexcusable." Id.

Boughner is inapposite to the pending action. There counsel completely abandoned his client. Here plaintiffs were represented by counsel who filed a brief in opposition to defendants' motion for summary judgment, appeared at oral argument to advocate for his clients, and filed supplemental briefing at the court's request. Counsel's conduct in this case is in no way comparable to that of counsel in Boughner. Unlike Boughner, plaintiffs' counsel cannot be faulted for gross neglect. There are no extraordinary circumstances presented here to justify relief.[3]

---

3. At oral argument, plaintiffs' counsel asserted that prior plaintiffs' counsel and Merck's counsel entered into stipulations to dismiss a number of shingles lawsuits on the undersigned's docket before the MDL was established. While that is an accurate statement, we cannot draw any adverse inferences against prior counsel and in support of plaintiffs' pending motion to vacate the judgment. There is no evidence in the record to demonstrate that dismissal of these cases was improper.

Plaintiffs also cite the later decision of our Court of Appeals in <u>Carter v. Albert Einstein Medical Center</u>, 804 F.2d 805 (3d Cir. 1986). The district court dismissed this employment discrimination action after plaintiff's counsel had disregarded its order to answer defendant's interrogatories and had failed to respond to defendant's subsequent motion to dismiss the complaint.

Counsel had also failed to attend a pretrial conference as a result of which the court imposed a sanction against her in the amount of $150. Several months later counsel filed a Rule 60(b) motion to reinstate the complaint. Attached at long last were answers to defendant's interrogatories and a check for $150 payable to defendant's counsel. The district court denied the motion. A few days later the plaintiff, acting pro se, moved for reconsideration which the court also denied. The Court of Appeals reversed and directed that the complaint be reinstated. It cited its decision in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 869 (3d Cir. 1984) which stated that "dismissal must be a sanction of last, not first, resort." In the pending action, in contrast, we did not dismiss the complaint because of plaintiffs' counsel's delinquency and failure to obey court orders. Rather, the court granted summary judgment, after the full participation of plaintiffs' counsel, on the ground that

-8-

the action was barred by the statute of limitations. The judgment the court entered was grounded in the resolution of a contested legal issue and was not a sanction because of plaintiffs' counsel's misbehavior. Thus, reliance on Carter is misplaced.

We will not allow plaintiffs to be relieved from the judgment entered against them because of buyers' remorse after their prior counsel made a deliberate, maybe improvident, decision in a lawsuit. See Coltec, 280 F.3d at 274-75. Under the present circumstances, mere dissatisfaction with one's counsel's decisions and unhappiness about an adverse result is not a basis for undermining the finality of judgments under Rule 60(b)(6).

Accordingly, the motion of plaintiffs to vacate this court's judgment of April 17, 2017 will be denied.[4]

---

4. After oral argument on their motion to vacate the judgment, plaintiffs have filed affidavits in support of their motion. They come too late and are not being considered.